Vladimir Galstyan, Esq., State Bar No.: 272474
Galstyan Law Firm, PC
2600 West Olive Ave, Suite 530
Burbank, California 91505
Telephone: 323-642-6000
Facsimile: 818-478-3331
vlad@galstyanlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUZANNA GEVORGYAN, individually, <br><br> Plaintiff, <br><br> vs. <br><br> QATAR AIRWAYS, a corporation; <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. **NEGLIGENCE** <br><br> 2. **PASSENGER LIABILITY PURSUANT TO THE MONTREAL CONVENTION** <br><br> **DEMAND FOR JURY TRIAL** |

**COMES NOW** the Plaintiff RUZANNA GEVORGYAN, and brings this action for damages and complains of the Defendant QATAR AIRWAYS as follows:

**INTRODUCTION**

1. On February 22, 2021, Plaintiff RUZANNA GEVORGYAN was a passenger aboard Defendant QATAR AIRWAYS flight 739 booking reference N9QHGN and departing from Doha, Qatar traveling to Los Angeles International Airport ("LAX"). While embarking the aircraft, QATAR AIRWAYS failed to adequately maintain the aircraft and upon embarking the aircraft Plaintiff RUZANNA GEVORGYAN was injured on the plane due to a faulty interior metal section divider on the plane that fell on Plaintiff RUZANNA GEVORGYAN striking her head and her neck causing her great bodily injury.

//

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). Defendant QATAR AIRWAYS is a signatory to the Montreal Convention via the International Air Carrier Transportation Association ("IATA") Intercarrier Agreement on Passenger Liability which specifically removes limitations on damages.

3. The Court also has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332, as this case involves a dispute between Plaintiff, a United States citizen domiciled in California, and Defendant, a corporation based in Qatar and the State of New York, and the amount in controversy exceeds the jurisdictional minimum of this Court.

4. Venue is proper in this District pursuant to Article 33(1) and/or (2) o the Montreal Convention because Plaintiff's principal and permanent residence is in the Central District of California, Defendant QATAR AIRWAYS has a place of business and operates services for the carriage of passengers by air to and from Los Angeles. Moreover, at the time of the accident, Plaintiff had her principal and permanent residence in the Central District and QATAR AIRWAYS operated services for the carriage of passengers by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement, in the Central District, and QATAR AIRWAYS also conducted its business of carriage of passengers by air from premises leased or owned by the carrier itself, or by another carrier with which it has a commercial agreement, within the Central District.

5. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's principal and permanent place of residence is in the Central District

of California and because Defendant is subject to personal jurisdiction in the Central District of California. Defendants have sufficient contacts because they do business and/or commerce in California.

## PARTIES

6. Plaintiff RUZANNA GEVORGYAN is a lawful resident of the United States and resides in the City of Glendale within the Central District of California. RUZANNA GEVORGYAN was a passenger on Qatar Airways flight 739 seated in economy class.

7. Defendant QATAR AIRWAYS is a foreign corporation domiciled in and existing under the laws of Qatar. QATAR AIRWAYS is, and at all relevant times was, registered with the California Secretary of State as doing business in California, and it does business in California and in this Judicial District.

8. Defendant QATAR AIRWAYS is, and at all times relevant was, a common carrier for hire in the business of soliciting and/or transporting passengers for regularly scheduled flights in and out of LAX to and international destinations, including Hamad International Airport in Doha, Qatar.

9. Defendant QATAR AIRWAYS is, and at all times relevant was, a carrier within the meaning of the Montreal Convention, operating round-trip flights between Los Angeles, California, and Doha, Qatar and throughout the world.

## FACTUAL BACKGROUND FOR THE CLAIMS ASSERTED

10. On Monday, February 22, 2021, Plaintiff RUZANNA GEVORGYAN was a passenger aboard an international QATAR AIRWAYS flight departing Doha, Qatar bound for LAX.

11. As Plaintiff was embarking the aircraft, QATAR AIRWAYS failed to adequately maintain the aircraft and upon embarking the aircraft Plaintiff RUZANNA GEVORGYAN was injured on the plane due to a faulty interior metal section divider on the plane that fell on Plaintiff RUZANNA GEVORGYAN striking her head and her neck causing her great bodily injury.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

12. Plaintiff incorporates and re-alleges each of the allegation set forth above as though fully set forth herein.

13. At all relevant times, QATAR AIRWAYS was a common carrier engaged in the business of providing air transportation for fare-paying passengers on international flights to the United States. As a common carrier, QATAR AIRWAYS owed Plaintiff as a passenger of Flight 739 a duty of utmost care and the vigilance for the safe transport of passengers. As the holder of an Air Carrier Operating Certificate authorized to serve as a common carrier in air transportation in the United States pursuant to the provisions of Part 121 of the Federal Aviation Regulations [14 C.F.R. 121.1 et seq.], QATAR AIRWAYS owed a duty of care to Plaintiff consistent with the requirement that it operate and maintain its aircraft in the safest manner. QATAR AIRWAYS also had a common law duty to operate and maintain QATAR AIRWAYS Flight 739 to a standard equal to the highest possible degree of safety.

14. Defendant QATAR AIRWAYS breached its duty of care to Plaintiff as a passenger aboard QATAR Flight 739 with respect to its failure to operate and maintain its aircraft in the safest manner, including its metal section dividers. In particular, the metal section divider was defective and as the Plaintiff proceeded to her assigned seat, the metal bar fell onto her person injuring her. Plaintiff was not warned that the metal section divider was defective. Thus, as the Plaintiff proceeded to her assigned seat, the defective bar suddenly and unexpectedly fell onto Plaintiff's body and she suffered serious injuries to her back and neck.

15. As a direct and legal result of this breach, Plaintiff suffered serious injuries to her back and neck, and was required to employ physicians and other health care providers to examine, treat, and care for their injuries, and have incurred, and will continue to incur, medical and incidental expenses for such examination,

Galstyan Law Firm, PC
2600 West Olive Ave, Suite 530
Burbank, California 91505
T: 323-642-6000

treatment, rehabilitation, and care in an amount according to proof.

## SECOND CAUSE OF ACTION

## PASSENGER LIABILITY / STRICT LIABILITY

### (Against Defendant QATAR AIRWAYS)

16. Plaintiff incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

17. At all relevant times, QATAR AIRWAYS was a common carrier engaged in the business of providing air transportation to fare-paying passengers on international flights to and from the United States.

18. Pursuant to Article 17(1) of the Montreal Convention, Defendant QATAR AIRWAYS is strictly liable for damage sustained in case of bodily injury of a passenger "upon condition only that the accident which caused the…injury took place on board the aircraft…" up to an amount as determined by Article 21(1) of the Montreal Convention.

19. As described above, QATAR AIRWAYS maintained an aircraft that was unsafe for service to passengers. Plaintiff was not warned that the metal section divider bar was defective. Thus, as the Plaintiff proceeded to her assigned seat, the defective bar suddenly and unexpectedly fell onto Plaintiff's body and she suffered serious injuries to her back and neck.

20. In addition, under Article 21(2) of the Montreal Convention, due to the negligence as described in all preceding paragraphs, and the injuries and damages attendant thereto Plaintiff seeks damages in excess of the amounts available under Article 21(1) of the Montreal Convention, all according to proof.

//
//
//
//

# PRAYER FOR RELIEF

21. WHEREFORE, Plaintiff RUZANNA GEVORGYAN prays for judgment against Defendant as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

DATED:  February 16, 2023                                **Galstyan Law Firm PC**

By: _____
**Vladimir Galstyan, Esq.**
Attorney for Plaintiff
RUZANNA GEVORGYAN

# REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED:  February 16, 2023                                **Galstyan Law Firm PC**

By: _____
**Vladimir Galstyan, Esq.**
Attorney for Plaintiff
RUZANNA GEVORGYAN

Galstyan Law Firm, PC
2600 West Olive Ave, Suite 530
Burbank, California 91505
T: 323-642-6000